# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 16, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LORI L. SWEENEY *personal* | * | |
| *representative of the estate of* | * | |
| LUELLA A. GARLANGER, | * | No. 13-392V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Theodore J. Hong, Maglio Christopher & Toale, Seattle, WA, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 12, 2013, Lori L. Sweeney ("Petitioner"), in her capacity as the personal representative of the estate of Luella A. Garlanger ("Ms. Garlanger"), filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the influenza vaccine Ms. Garlanger received on October 15, 2011, caused her to develop Guillain-Barré syndrome. An entitlement hearing was held on

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

January 16, 2019, and on February 28, 2020, the undersigned issued her decision dismissing the petition. ECF No. 92.

On May 22, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 97 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $232,243.91, representing $217,821.60 in attorneys' fees and $14,422.31 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out of pocket costs. *Id.* Respondent responded to the motion on May 22, 2020, stating that Respondent "defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 98. Petitioner filed a reply on May 22, reiterating her belief that the requested attorneys' fees and costs were reasonable. ECF No. 99.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, the undersigned does not doubt that the claim was brought in a good faith belief that

the vaccination caused Ms. Garlanger's injury, and the undersigned find that the claim had a reasonable basis to proceed for as long as it did, as it necessitated an entitlement hearing with post-hearing briefing. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

     **a.    Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

The undersigned has reviewed the requested hourly rates for petitioner's counsel at Maglio Christopher and Toale (the billing records indicate that the majority of attorney work was performed by Mr. FJ Caldwell and Mr. Theodore Hong, with supporting work by Ms. Danielle Strait). The rates requested are consistent with what these individuals have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

     **b. Reasonable Number of Hours**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

The undersigned has reviewed the submitted billing entries and finds that the hours billed are reasonable. Although the total number of hours billed in this matter is large, counsel began work on this case in 2012, and the matter necessitated an entitlement hearing and post-hearing briefing. Respondent also has not identified any particular entries as objectionable. Petitioner is therefore awarded the full amount of attorneys' fees sought.

     **c. Attorney Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $14,422.31 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, travel costs for counsel to attend the entitlement hearing, and work performed by Petitioner's medical experts. Fees App. at 34-36. Petitioner has provided adequate documentation of all these expenses and they appear reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Case 1:13-vv-00392-UNJ   Document 103   Filed 02/11/21   Page 4 of 4

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $217,821.60 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$217,821.60** |
| | |
| Attorneys' Costs Requested | $14,422.31 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$14,422.31** |
| | |
| **Total Attorneys' Fees and Costs** | **$232,243.91** |

**Accordingly, the undersigned awards a lump sum in the amount of $232,243.91, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Maglio Christopher & Toale, P.A., to be forwarded to Maglio Christopher & Toale, P.A., 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.